1   Michael D. Kinkley
2   Michael D. Kinkley, P.S.
    4407 N. Division, Suite 914
3   Spokane, WA 99207
    (509) 484-5611
4   (509) 484-5972 FAX

5
    Scott Peterson
6   648 S. 152nd St., Suite 7
7   Seattle, WA 98148
    (206) 391-0372
8   (206) 388-4751

9
                    UNITED STATES DISTRICT COURT
10          FOR THE WESTERN DISTRICT OF WASHINGTON

11
    BERHAN ABRAHAM,                    )
12                                     )
                                       )
13            Plaintiff,               )
                                       )   Case No.:
14         vs.                         )
                                       )   COMPLAINT
15  MERCHANTS CREDIT                   )
    CORPORATION, a Washington          )
16  Corporation, and JOHN DOE          )
    COLLECTOR an unidentified debt     )
17  collector for Merchants Credit     )
18  Corporation,                       )
                                       )
19            Defendants.
20        Plaintiff Berhan Abraham, by and through her attorney, Michael D. Kinkley

21  of Michael D. Kinkley, P.S., and Scott Peterson of Law Office of Scott Peterson

22  allege the following:

23

24

25


COMPLAINT  -1                              MICHAEL D. KINKLEY P.S.
                                             4407 N. Division, Suite 914
                                             Spokane Washington 99207
                                                    (509) 484-5611

# I. COMPLAINT

1.1    This is an action for damages and remedies against defendants, Merchants

Credit Corporation, a Washington Corporation ("MercCred"); and John Doe

Collector, an unidentified debt collector for MercCred (" John Doe Collector")

(collectively "defendants"), pursuant to the Fair Debt Collection Practices Act, 15

U.S.C. §1692, et seq., ("FDCPA"); and for damages and remedies against

defendants pursuant to the State of Washington Collection Agency Act, RCW

19.16, ("WCAA") and pursuant to the Washington State Consumer Protection Act

(RCW 19.86 et seq.) ("WCPA").

# II. JURISDICTION & VENUE

2.1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C.

§1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state

law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available

pursuant to 28 U.S.C. §2201 and §2202.

2.2.    Venue is proper in this District under 28 U.S.C. §1391(b) because the

Defendants conduct affairs and transact business in this District, and a

significant portion of the unlawful acts giving rise to this Complaint

occurred in this District, and the plaintiffs reside within the territorial

jurisdiction of the court.

COMPLAINT  -2

## III. FEDERAL QUESTION
## SUBJECT MATTER JURISDICTION

3.1. Plaintiff Berhan Abraham is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3). She is an individual.

3.2. Defendant MercCred, was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.3. Defendant John Doe Collector, was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.4. The alleged debt was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.5. Defendant MercCred is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.6. Defendant John Doe Collector is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.7. Defendant MercCred uses interstate commerce or the mails for the collection of debts.

3.8. Defendant John Doe Collector uses interstate commerce or the mails for the collection of debts.

3.9. The principle purpose of MercCred's business is the collection of debts.

COMPLAINT -3

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.10.   Defendant MercCred regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.11.   Defendant John Doe Collector regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.12.   Defendant MercCred is a "collection agency" as defined by RCW 19.16.100(2).

3.13.   Defendant MercCred communicated with the Plaintiffs with the intent to collect a debt.

3.14.   Defendant John Doe Collector communicated with the Plaintiffs with the intent to collect a debt.

## IV. PARTIES

4.1.   Now, and at all relevant times, Plaintiff Berhan Abraham was a resident of the State of Washington residing within the territorial jurisdiction area of the United States District Court for the Western District of Washington.

4.2.   Defendant MercCred is a Washington Corporation, engaged in the business of collecting debts within the State of Washington; which debts were originally owed to another.

COMPLAINT -4

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

4.3.    The principle purpose of MerCredit's business activities within the jurisdiction of this court is the collection of debts originally owed another using the mail and telephone, and defendant regularly attempts to collect debts alleged to be due another or originally owed to another.

4.4.    Defendant MercCred is doing business as a "debt collector" in the Western District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692a(6).

4.5.    Defendant John Doe Collector is an employee of MercCred.

4.6.    All acts done on behalf of Defendant John Doe Collector were done on his behalf and on behalf of MercCred.

## V. FACTS

5.1.    On July 26, 2007, Plaintiff Berhan Abraham received a letter addressed to her from MercCred, ("collection letter").

5.2.    The collection letter contained the following text in the body of the letter,

COMPLAINT  -5

1

2

3

4

5

6

7

8

9

10

*** PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT *** MCAIPN03TY6BFE4119

You are hereby notified that a balance is outstanding with our office.

Our records indicate that you have failed to pay your obligation. It is our policy to report some collection accounts to credit bureaus. Information may be kept on a credit report for 7 years. Adverse credit ratings become public record information, it may result in future denial of credit.

Your account number is: P0441854. Please use this number when referencing your account.

This communication is from a debt collector.

Mr. Riley ext 137

| | charges | payments | balance |
|---|---|---|---|
| princ | 1231.00 | 0.00 | 1231.00 |
| c/int | 0.00 | 0.00 | 0.00 |
| c/oth | 0.00 | 0.00 | 0.00 |
| m/rtn | 0.00 | 0.00 | 0.00 |
| a/int | 6.46 | 0.00 | 6.46 |
| c/cst | 0.00 | 0.00 | 0.00 |
| h/cst | 0.00 | 0.00 | 0.00 |
| L/cst | 0.00 | 0.00 | 0.00 |
| TOTAL | 1237.46 | 0.00 | 1237.46 |

| acct# | princ | c/int | c/oth | a/int | cst | payments | balance |
|---|---|---|---|---|---|---|---|
| 1151763 02-03-07 HARBORVIEW MED CTR PHYS SEATTLE WA | | | | | | | 12.00% APR |
| | 1231.00 | 0.00 | 0.00 | 6.46 | 0.00 | 0.00 | 1237.46 |

11

12

13

5.3.    A true and correct copy of the July 26, 2007, collection letter from

MercCred is attached as Exhibit 1.

14

15

5.4.    The July 26, 2007, the collection letter demanded payment of $1,237.46

("alleged debt").

16

17

18

19

5.5.    The alleged debt demanded in the collection letter was for medical

treatment at Harborview Medical Center for someone other than Plaintiff

Berhan Abraham.

20

21

22

5.6.    Plaintiff Berhan Abraham was not the person who received the treatment

at Harborview Medical Center resulting in the alleged debt.

23

24

5.7.    Plaintiff Berhan Abraham had not received any medical treatment at

Harborview Medical Center since before 2005.

25

COMPLAINT -6

5.8.   The person who received the medical treatment resulting in the alleged

debt was a man by the name of Abraham Berhanu.

5.9.   Prior to sending the collection letter, MercCred and John Doe Collector

were aware that Plaintiff Berhan Abraham was not the person who

received the medical treatment at Harborview Medical Center which

resulted in the alleged debt.

5.10.  Prior to the July 26, 2007, collection letter, MercCred had obtained a

default judgment against Plaintiff Berhan Abraham for an alleged

obligation related to medical treatment provided to Abraham Berhanu.

5.11.  Plaintiff Berhan Abraham demonstrated to MercCred that she did not

know Mr. Berhanu and was not responsible for Mr. Berhanu's medical

expenses.

5.12.  MercCred was dunning Ms. Abraham for Mr. Berhanu's debts due solely

to the somewhat similarity of the names, a fact which MercCred was

aware.

5.13.  MercCred had previously attempted to collect a different debt from

Plaintiff Berhan Abraham that they later determined was owed by

another person.

COMPLAINT  -7

# VI. VIOLATION OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

6.1     Defendant MercCred violated the FDCPA causing actual Damages to

the Plaintiffs.

6.2     Defendant John Doe Collector violated the FDCPA causing actual

Damages to the Plaintiffs.

6.3     Defendant MercCred violated 15 U.S.C. § 1692g(a) by failing to

provide a writing containing the notice required by, 15 U.S.C.

1692g(a) (FDCPA "g" Notice). No writing has ever been provided to

Plaintiffs regarding the alleged debt i.e. no written communication of

the FDCPA "g" Notice was made within five days of the initial

communication in an attempt to collect the past due rent alleged debt

from the Plaintiff.

6.4     Defendant MercCred violated 15 U.S.C. § 1692e by making false,

deceptive and misleading statements which indicated that the Plaintiff

was responsible for the alleged debt.

6.5     Defendant John Doe Collector violated 15 U.S.C. § 1692e by making

false, deceptive and misleading statements which indicated that the

Plaintiff was responsible for alleged debt.

COMPLAINT -8

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

6.6     Defendant MercCred violated 15 U.S.C. § 1692f by using unfair and

unconscionable means to collect the alleged debt.

6.7     Defendant John Doe Collector violated 15 U.S.C. § 1692f by using

unfair and unconscionable means to collect the alleged debt.

6.8     Defendant MercCred violated 15 U.S.C. § 1692f(1) by attempting to

collect an amount (including any interest, fee, charge, or expense

incidental to the principal obligation) not expressly authorized by the

agreement creating the debt or permitted by law.

6.9     Defendant John Doe Collector violated 15 U.S.C. § 1692f(1) by

attempting to collect an amount (including any interest, fee, charge, or

expense incidental to the principal obligation) not expressly

authorized by the agreement creating the debt or permitted by law.

6.10    Defendant John Doe Collector had a telephone conference with

Plaintiff Abraham after July 26, 2007, in which Ms. Abraham

informed John Doe Collector that that was not her debt.

6.11    Defendant John Doe Collector insisted she would have to pay

anyway.

6.12    Defendant John Doe Collector and Defendant MercCred threatened

further collection action.

COMPLAINT  -9

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

## XII. VIOLATION OF THE WASHINGTON
## COLLECTION AGENCY ACT

7.1    Defendant MercCred violated the Washington Collection Agency Act

(WCAA), RCW19.16 et seq.

7.2    Defendant John Doe Collector violated the WCAA, RCW19.16 et seq.

7.3    Defendant MercCred is a "collection agency" as defined by RCW

19.16.100(2).

7.4    Defendant John Doe Collector is an employee of a "collection agency" as

defined by RCW 19.16.100(2).

7.5    Defendant MercCred is collecting debts in violation of the prohibited

practices section of the WCAA, RCW 19.16.250.

7.6    Defendant John Doe Collector is collecting debts in violation of the

prohibited practices section of the WCAA, RCW 19.16.250.

7.7    As a proximate cause of the unlawful debt collection Plaintiff Abraham

suffered actual damages and is also entitled to statutory damages.

## XIII. VIOLATION OF THE
## CONSUMER PROTECTION ACT

8.1    Defendant MercCred violated the Washington Consumer Protection

Act (WCPA).

COMPLAINT -10

8.2    Defendant John Doe Collector violated the Washington Consumer Protection Act (WCPA).

8.3    Violation of the WCAA is a per se violation of the Washington State Consumer Protection Act.  RCW 19.16.440.

8.4    Any violation of the WCAA prohibited practices section, RCW 19.16.250 is an unfair act or practice and/or an unfair method of competition in the conduct of trade or commerce. RCW 19.16.440.

8.5    Any violation of the Washington State Collection Agency Act (WCAA) prohibited practices section; RCW 19.16.250 affects the public interest in violation of the Washington State Consumer Protection Act. RCW 19.16.440.

8.6    Defendants have violated the WCCA including but not limited to the prohibited practices section (RCW 19.16.250).

8.7    Defendants have violated the Washington Administrative Code governing the actions of collection agencies.

8.8    The business of collection agencies, as well as all acts and practices of collection agencies, debt collectors, are subject to the Consumer Protection Act, RCW 19.86 and subsequent sections.

COMPLAINT  -11

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

8.9    The Consumer Protection Act of the State of Washington requires that all collection agents, debt collectors, abstain from unfair or deceptive practices or acts and unfair methods of competition.

8.10    Defendant MercCred by and through its agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices, and unfair methods of competition that have caused injury to the Plaintiff.

8.11    Defendant John Doe Collector has engaged in deceptive acts and practices, unfair acts and practices, and unfair methods of competition that have caused injury to the Plaintiff.

8.12    Defendant MercCred has engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

8.13    Defendant John Doe Collector has engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

8.14    Defendant MercCred has is in the business of debt collection in trade or commerce.

8.15    Defendant John Doe Collector has is in the business of debt collection in trade or commerce.

8.16    Unlawful and Unfair Debt Collections is against public interest.

COMPLAINT -12

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

8.17    The Defendant MercCreds actions were the direct cause of injury to

Plaintiffs' property.

8.18    The Defendant John Doe Collectors actions were the direct cause of

injury to Plaintiffs' property.

8.19    The violations have harmed and unless enjoined will continue to harm

the public interest by causing Plaintiffs and other similarly situated to

pay collection charges that are unfair deceptive, unlawful, and an unfair

method of competition.

IX. DEMAND

WHEREFORE, plaintiff demands judgment as follows:

9.1    Actual damages;

9.2    Statutory damages pursuant to the FDCPA, 15 U.S.C. §

1692k(a)(2)(A);

9.3    Costs and reasonable attorney's fees pursuant to the FDCPA, 15

U.S.C. §1692k(a)(3);

9.4    Costs and reasonable attorney's fees pursuant to the Washington

Consumer Protection Act, RCW 19.86;

9.5    Treble damages pursuant to the Washington Consumer Protection

Act, RCW 19.86;

COMPLAINT -13

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

9.6      Declaratory Judgment that defendants' practices violate the Fair Debt

Collection Practices Act and/or the Washington Consumer Protection

Act; and/or the Washington Collection Agency Act;

9.7      Injunction prohibiting Defendants from contacting Plaintiff regarding

debts of Abraham Berhanu;

9.8      Injunction prohibiting Defendants from engaging in the practices

prohibited by 15 USC §1692d, harassment or abuse;

9.9      Injunction prohibiting Defendants from attempting to collect from any

debtor, unless it provides the written Notice required by 15 USC

1692g(a) within  five days of its initial communication with the

debtor;

9.10     For such other and further relief as may be just and proper.

DATED this 25th day of July, 2008.

*Michael D. Kinkley P.S.*

/s Michael D. Kinkley
   Michael D. Kinkley
   WSBA # 11624
   Attorney for Plaintiff

COMPLAINT  -14

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611